In the Circuit Court for St. Mary's County, Maryland

CONSTANCE DEWOLFE
22313 St. Clements Avenue
Leonardtown, Maryland 20650

    Plaintiff

vs                                            Case No:

WACO, INC.
Serve: Steven E. Williams, Resident Agent
38592 Brett Way, Suite 7
Mechanicsville, Maryland 20659

    Defendant

## COMPLAINT

### (Personal Injury - Negligence)

Plaintiff, CONSTANCE DEWOLFE by and through her attorney, Tucker V. Clagett and Andrews, Bongar, Gormley & Clagett, P.A. sues the Defendant, WACO, INC., and makes the following claims:

FACTS COMMON TO ALL COUNTS

1. The Plaintiff is an adult resident of St. Mary's County, Maryland. The Defendant is a corporate entity located in St. Mary's County, Maryland. The incident forming the basis of this complaint occurred in St. Mary's County, Maryland.

2. On or about January 15, 2019, Defendant finished a job it was hired to perform involving mold and dust removal in Court Room 2 of the District Court for St. Mary's County, Maryland. The job was performed pursuant to a contract dated December 27, 2018.

3. Upon completion of the job, Defendant failed to properly clean up the premises. This forced employees of the District Court to clean up after the Defendant when they arrived for work on January 15, 2019.

4. While cleaning up and moving office equipment, Plaintiff suffered a fall that caused injury. That fall lead to a workers' compensation claim, and medical treatment including surgery to her right arm, as well as pain and medical treatment to her neck.

**EXHIBIT 2**

5. It was the responsibility of the Defendant to clean up after performing it's work, including returning the court room to substantially the same condition as when they began the job. Failure to do so left that job to employees of the District Court, including Plaintiff, who was forced to move office equipment and furnishings in order to perform her job on the morning of the injury.

6. The Defendant did not observe the duties mentioned above, and acted negligently, carelessly, recklessly and in violation of the laws of the State of Maryland. As a direct result, the Defendant caused the accident, which caused the Plaintiff's injury.

7. The accident was caused solely as a result of the Defendant's negligence and not by any contributory negligence on the part of the Plaintiff. Neither did the Plaintiff at any time assume the risk of the accident.

8. As a result of the accident, Plaintiff was jolted and thrown about, sustaining painful and permanent injuries to the body, as well as shock to the nervous system, all of which has caused pain and mental stress, and will continue to cause pain and mental stress in the future.

9. As a result of the accident the Plaintiff has endured pain and difficulties since the accident, and will have to endure pain and difficulties in the future.

10. The Plaintiff has been required, and will be required in the future, to incur medical bills in the treatment of the injuries suffered as a direct result of the accident.

11. The Plaintiff was unable to work as a result of the incident and therefore suffered lost wages, which should be fully reimbursed. The Plaintiff's permanent injuries will cause a loss of future earnings as well, for which Plaintiff should be compensated.

12. The Plaintiff expended money for miscellaneous expenses, including transportation to receive medical care, and should have those expenses reimbursed.

13. All of the Plaintiff's injuries, damages and expenses, were the sole, proximate and direct result of the Defendant's negligence, and were sustained without any fault or negligence on the part of the Plaintiff.

## COUNT 1 - NEGLIGENCE

14. The Defendant had a duty to conform to a reasonable standard of care while performing mold and dust removal work as described in the contract.

15.   The Defendant breached that duty by failing to clean up the premises and return the office equipment to substantially the same condition it was found in so that employees could perform their jobs the next morning.

16.   The breach of that duty was the proximate cause of the accident complained of, and therefore caused actual loss and damage to the Plaintiff. The Plaintiff's loss or injury proximately resulted from the defendant's breach of his or her duty to the Plaintiff.

WHEREFORE, Plaintiff(s) demands judgment against Defendant for compensatory damages in excess of seventy five thousand dollars ($75,000), plus interest and costs.

## DEMAND FOR JURY TRIAL

The Plaintiff requests a trial by jury as to all issues for which that right exists.

## REQUEST FOR SUMMONS

Plaintiff requests the court issue a summons and send it to undersigned counsel for service.

Respectfully Submitted,

*/s/ Tucker Clagett*

Tucker Clagett
CPF # 9412130124
Andrews, Bongar, Gormley & Clagett
11705 Berry Road, Suite 202
Waldorf, Maryland 20603
301-645-4100 (phone) 301-843-2351 (fax)
Clagett@SouthernMarylandLaw.com