IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CONSTANCE DEWOLFE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:22-cv-00311-PX |
| WACO, INC., | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM OPINION

Pending before the Court is Defendant Waco, Inc.'s motion to dismiss the Complaint (ECF No. 8) and Plaintiff Constance DeWolfe's motion for leave to file an Amended Complaint (ECF No. 13). The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants DeWolfe's motion to amend the Complaint and denies Defendant's motion to dismiss as moot.

**I.     Background**[1]

Defendant Waco, Inc. ("Waco") contracted with St. Mary's County District Court ("District Court") to remove mold and dust from "Court Room 2." ECF No. 13-1 ¶ 2. The contract specified that Waco was to "[c]lean up visible mold and dust" from surfaces inside the courtroom, including ceiling tiles, upholstered walls, 30 chairs, curtains, carpet, law books, and "all hard furnishings remaining in work area." ECF No. 8-2 at 1. Under the contract, the District Court was responsible for "removing all moveable objects" and ensuring that the work area would be unoccupied for the duration of the project. *Id.* at 2. But the agreement was silent on

---

[1] The Court accepts the following facts taken from the Amended Complaint as true and most favorably to DeWolfe. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Further, the Court considers the contract for mold remediation (ECF No. 8-2) as integral the Amended Complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016) (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)).

1

who would restore the courtroom to its original condition once the remediation services were complete.

On January 15, 2019, Waco completed its dust and mold removal in Court Room 2 but did not return the furniture and other movable items back to their original spots. ECF No. 13-1 ¶¶ 2 & 3. Consequently, when DeWolfe arrived to work, she found Court Room 2 in disarray. *Id.* ¶¶ 3 & 5. DeWolfe had to move office equipment and furnishings herself to prepare for the day's business. *Id.* In the process, DeWolfe fell and seriously injured her right arm and back, requiring surgery and follow-up care. *Id.* ¶¶ 4 & 8.

On December 27, 2021, DeWolfe sued Waco in St. Mary's County Circuit Court for negligence. ECF No. 3 ("Complaint"). Waco timely removed the action and next moved to dismiss the Complaint for failure to state a claim. ECF Nos. 1 & 8. DeWolfe, in turn, moved for leave to file an Amended Complaint. ECF No. 13 ("Proposed Amended Complaint"). The Proposed Amended Complaint mirrors the original Complaint in most respects but adds detail about how Waco had "moved the chair mats underneath the desks of employees, and left them draped over top of the employee[s'] desks." ECF No. 13-1 ¶ 3. Waco opposes amendment on futility grounds, arguing that even with the additional facts, the claim fails as a matter of law. ECF No. 16.

## II. Standard of Review

Because allowing DeWolfe to amend the Complaint may moot Waco's original motion to dismiss, the Court first addresses the propriety of allowing amendment. Leave to amend the complaint should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may deny the motion, however, if amendment is sought in bad faith or with dilatory

purpose, is prejudicial to the nonmovant, or is futile. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Waco challenges amendment solely on futility grounds. A claim is futile if, when taking the alleged facts as true and most favorably to the plaintiff, the claim fails as a matter of law. *Whitaker v. Ciena Corp.*, No. RDB-18-0044, 2018 WL 3608777, at *3 (D. Md. July 27, 2018). Thus, the Court reviews the proposed amended claim for legal sufficiency pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kerrigan v. Bd. of Educ. of Carroll Cnty.*, No. JKB-14-3153, 2016 WL 470827, at *3 (D. Md. Feb. 8, 2016). For the claim to survive challenge, the factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).

**III.   Analysis**

Although Waco makes some noise that amendment should be denied for lack of nonspecific "good cause," ECF No. 16-1 at 3, its only real contention is that the proposed Amended Complaint is futile because it does not state a legally sufficient negligence claim. *Id.* at 3–5. For the claim to survive challenge, DeWolfe must aver plausibly that (1) Waco owed her a duty of care, (2) Waco breached that duty, (3) causation, and (4) damages. *Coleman v. United States*, 369 F. App'x. 459, 461 (4th Cir. 2010) (citing *Rosenblatt v. Exxon Co., U.S.A.*, 335 Md. 58, 76 (1994)). Waco singularly challenges the first element, arguing that it bore no duty of care to DeWolfe.

Whether Waco owed a duty of care to DeWolfe is a question of law to be decided by the Court. *Rosenblatt,* 335 Md. at 76. Generally, the Court considers "the nature of the harm likely to result from a failure to exercise due care, and the relationship that exists between the parties."

*Jacques v. First Nat. Bank of Md.*, 307 Md. 527, 534 (1986).  However, if the risk of harm is "one of personal injury," a direct relationship need not be shown.  *Id.* at 535.  The inquiry instead focuses on whether such risk is foreseeable to the defendant.  *See Dobbins v. Washington Suburban Sanitary Comm'n*, 338 Md. 341, 348 (1995) (citing *Henley v. Prince George's Cnty.*, 305 Md. 320, 336 (1986)).  The foreseeability inquiry is meant "to avoid the attachment of liability where . . . it appears 'highly extraordinary' that the negligent conduct should have brought about the harm."  *Henley*, 305 Md. at 334 (quoting Restatement (Second) of Torts § 435(2) (1965)).

Taking the Amended Complaint facts as true, the nature of DeWolfe's injuries was reasonably foreseeable to Waco.  Waco is in the business of mold remediation and removal in commercial establishments where employees and patrons frequent.  Integral to cleaning all surfaces in a courtroom is navigating furniture and other items.  Any personal injury arising on the premises from Waco's failure to perform these services safely, therefore, is clearly foreseeable.  *Cf. Johnson v. Mitchell Supply, Inc.*, 33 Md. App. 99, 114 (1976) (defendant supplier owed duty to child injured by falling stack of sheetrock when it was reasonably foreseeable that residents of dwelling would enter the construction area); *Brown v. Aaron's Sales & Lease Ownership*, No. WDQ-12-3141, 2013 WL 2149768, at *4 (D. Md. May 15, 2013) (defendant pest control company hired for extermination by leasing company owed duty to plaintiff residents who suffered from bed bug infestation despite no contract between pest company and plaintiffs).  On these facts, DeWolfe has plausibly alleged that Waco owed her a duty of care.

Waco responds that because its work had been completed and it was no longer on site when DeWolfe was injured, any obligation to clean up the site "reverted back to the property

owner." ECF No. 16-1 at 4. But a duty of care does not turn on whether the tortfeasor is physically present at the time of injury. Indeed, foreseeability by its very nature encompasses events that have yet to occur. It would make little sense to confine the "foreseeability" analysis only to injuries arising in the tortfeasor's physical presence. *Cf. Marrick Homes LLC v. Rutkowski,* 232 Md. App. 689, 706 (2017) (rejecting contractor defendant's claim of no duty to plaintiff due to passage of time after leaving worksite and completing job); *see also Peterson v. Underwood*, 258 Md. 9, 20 (1970) ("Once causation is established by legally sufficient evidence, the mere passage of time is no bar to recovery."); *Wankel v. A & B Contractors, Inc.*, 127 Md. App. 128, 166 (1999) ("Nor do we suggest that the lapse of time between the negligent act and the injury is dispositive.").

Waco next argues that the contract obligated the District Court to move furniture, not the company, thus severing any duty owed. ECF No. 16-1 at 4–5 (citing ECF No. 8-2). Waco points to the contract provision stating that the "owner is also responsible for removing all moveable objects from the work area." ECF No. 8-2 at 2. Notably, the provision refers only to the obligation of moving objects *from* the work area. It is wholly silent as to which party, contractually, bears the burden of restoring the area to its original appearance and functionality. Even so, the Amended Complaint avers that Waco moved the floormats in such a manner that caused DeWolfe's injury. ECF No. 13-1 ¶ 3. Accordingly, once Waco took on the job of remediation, which plausibly involved moving of furniture and other items (even if not contractually obligated to do so), it had a duty to exercise reasonable care. *Cf. Landaverde v. Navarro*, 238 Md. App. 224, 242 (2018) (provisions of home warranty contract had no bearing on duty owed to plaintiff residents by independent contractor).

Waco lastly contends that its duty was somehow negated by DeWolfe's own obligation to

exercise due care to avoid an "obvious" hazard. ECF Nos. 16-1 at 4; 8-1 at 7. In essence, Waco maintains that DeWolfe contributed to her own injuries or assumed the risk of the same. Both are fact-intensive defenses, ill-suited for resolution in Waco's favor at the motion to dismiss stage. *See, e.g.*, *Cador v. Yes Organic Mkt. Hyattsville Inc.*, 253 Md. App. 628, 651 (2022), *cert. denied sub nom. Yes! Organic Hyattsville v. Cador*, 478 Md. 253 (2022) ("[J]udges should be reluctant to make rulings with respect to contributory negligence as a matter of law."); *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 109 (2011) (quoting *Hooper v. Mougin*, 263 Md. 630, 635 (1971)) ("An assumption of the risk defense, properly asserted, may be grounds for . . . finding that the defense has been established as a matter of law, but this is only true when 'the undisputed facts permit but one reasonable determination,' namely, that the plaintiff has assumed the risk as a matter of law.").

In sum, the Amended Complaint makes plausible that Waco acted negligently, causing DeWolfe's injury. Accordingly, the Amended Complaint is not futile, and leave to amend will be granted. Waco's motion to dismiss the original Complaint will be denied as moot. Waco shall answer the Amended Complaint no later than August 3, 2022.


7/13/2022                                                            /S/
Date                                                                 Paula Xinis
                                                                     United States District Judge